People v Sanchez (2025 NY Slip Op 50380(U))

[*1]

People v Sanchez

2025 NY Slip Op 50380(U)

Decided on March 26, 2025

Justice Court Of The Town Of Webster, Monroe County

DiSalvo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 26, 2025
Justice Court of the Town of Webster, Monroe County

The People of the State of New York

against
Jose A. Sanchez, Jr., Defendant.

Case No. 24110044

Sandra Doorley, District Attorney, Monroe County (Elizabeth D. Buckley and Tessa Rossi [awaiting admission] of Counsel), for plaintiff. 
Michael D. Flowerday, Rochester, for defendant.

Thomas J. DiSalvo, J.

Facts of the Case.
The defendant was charged with Assault in the third degree, in violation of P.L. § 120.00 (1) on November 15, 2024. An information consisting of a complaint and a supporting deposition was the accusatory instrument filed with the court.[FN1]
A complaint was executed by Webster Police Department Officer Lindsay Thomas. In said complaint the officer stated that the defendant "did intentionally, knowingly and unlawfully cause physical injury to Rod P. McBride. The officer went on to state in pertinent part, that after verbally confronting the alleged victim, "The defendant then punched the victim on the right side of his face with a closed fist. This caused the victim's teeth to come loose and he started bleeding from his mouth. The victim had extreme pain in his jaw after the defendant punched him." The complaint went on to indicate that "the sources of Complainant's information and the grounds for belief being the facts contained in the attached SUPPORTING DEPOSITION(S) of: Rod P. McBride."
The said supporting deposition, which was affirmed under penalty of perjury by Rod P. McBride on November 15, 2024, essentially restated the allegations set out in the complaint. But in addition stated that "I don't know why he wanted to hit me" and "It is getting hard to talk as I think my jaw is broken". Nevertheless, the deponent never sets out the proper name of the defendant in his supporting deposition. In fact he only refers to the defendant as "JO". McBride indicated that he was initially invited to the scene of the incident by his friend "Snoop", to assist in some home repairs. Nevertheless, it is certain that McBride knew the identity of the defendant, because he recalled that when he arrived at his friend's house he "could hear 'Snoop' and his brother 'Jo' arguing".
Defense counsel filed an Omnibus Motion wherein he requested that the accusatory instrument be dismissed as being defective on its face pursuant to CPL §§ 170.30 (1) (a), 170, 35 (1) (a) , 100.40 (1) (b), 100.40 (4) (b) and 100.40 (1) ( c).The defense maintains that the information is defective because it fails to allege every element of the offense, fails to contain non-hearsay allegations of an evidentiary nature identifying the named defendant as the alleged perpetrator of the offense charged. In other words the defense contends that the failure to set out the proper name of the defendant in the supporting deposition, despite the fact that he was specifically named in the factual portion of the complaint, renders the information herein defective.

 Legal Analysis.
The accusatory instruments consisting of the complaint and the supporting deposition constitute an information as defined by CPL § 1.20 (4). In deciding a motion to dismiss an information on sufficiency grounds the court must first refer to CPL § 100.40 (1).[FN2]
Subsection (b) of said statute requires that: "The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information." CPL §70.10 (2) states that
"'Reasonable cause to believe that a person has committed an offense' exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it. Except as otherwise provided in this chapter, such apparently reliable evidence may include or consist of hearsay."
In addition, CPL § 100.40 (1) (c) requires that "Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant's commission thereof." The question becomes as to whether the complaint and supporting deposition satisfy those two prongs of the sufficiency standard.
Certainly, CPL § 100.40 permits the court to read together the complaint and any supporting deposition as one document in determining the sufficiency or defectiveness of the information. In People v. Ellis, 1Misc.3d 1213[A], 2011 NY Slip Op. 50666[U] [2011] , *4 the court permitted the second page of a Domestic Incident Report to be considered a supporting deposition. However, that document did not specifically identify the defendant. Nevertheless, the court held that the deponent, Ms. Burke, sufficiently identified the defendant because
"Initially, this Court finds that the information provided by Ms. Burke in her written statement clearly refers to the same incident as the accusatory instrument. Ms. Burke both swore to the written statement on the DIR and is identified as the Informant in the accusatory instrument. Ms. Burke states in her written statement that the incident [*2]occurred on August 23, 2010 at 1530 i.e. 3:30 p.m., which is the same date and time of occurrence alleged in the accusatory instrument."[FN3]
This court was faced with a similar set of circumstances in People v. Williams, 36 Misc 3d 1234[A], 2012 NY Slip Op. 51596 [U] [2012].
"The complaint alleged that the defendant, Annette D. Williams, took property having the approximate value of $133.19, but does not allege that the officer witnessed the event in question. The supporting deposition states that the actions of 'the female' were observed by the said K—Mart security person. The supporting deposition then alleges that said female was stopped by Derek Christensen, who confronted her in the vestibule of the store. It is then alleged that the she fled the store on foot and got into a white Nissan Pathfinder and then drove out of the parking lot onto to Ridge Road. Mr. Christensen indicated that he then contacted 911 regarding said incident. At 1:39 P.M. he received a phone call from Officer Scorsone asking him to come to the Webster Police Department. The supporting deposition states that upon arriving at the Webster Police Department Mr. Christensen picked what he described as 'the female' out of a photo array. The supporting deposition goes on to say 'The female in photograph number 5 is the suspect from earlier in the day at K—Mart.' At no point in the supporting deposition is the defendant identified by name."[FN4]
The court ruled, in denying the defense motion to dismiss the accusatory instrument on defectiveness grounds, that
"the misdemeanor complaint and the supporting deposition, when read together, establish reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information. CPL 100.40(1)(b). In addition there are sufficient non-hearsay allegations in the information and supporting deposition establishing every element of the offense charged and the defendant's commission thereof. CPL 100.401(1)(c)."[FN5]
In People v. Schrgot, 79 Misc 3d 1220[A], 2023 NY Slip Op. 50673[U] [2023] this court granted a motion to dismiss the information on facial sufficiency grounds, wherein the supporting deposition failed to set out the name of the defendant. However in that case
"The officer that executed the complaint did not allege that he witnessed the event in question. Instead the allegation made in his complaint were made '... upon information and belief, with the source of complainant's information and the grounds for belief being [*3]the facts contained in the attached SUPPORTING DEPOSITION(S) of: Albert Jones Jr.'"[FN6]
However, the victim of the assault who was the deponent stated in his supporting deposition that upon leaving a sports bar
"I went outside to call my cousin to talk to [sic] the game and make another phone call. The next thing I remember is waking up in the ambulance and talking to the police. I remember them asking if I wanted to press charges against someone. At the time I was very confused and didn't know what had happened."[FN7]
Thus the motion to dismiss the information as being defective pursuant to CPL § 170.35 (1) was granted.[FN8]
This court held that
"However, in the instant case the arresting officer does state the source of his information and belief, to wit: the deposition of Albert Jones, Jr. Nevertheless, a review of the said supporting deposition does not reveal any first person information relative to the source of Albert Jones Jr.'s injuries. In fact, just the opposite is true. Namely that Mr. Jones stated that he 'didn't know what had happened.' Thus we are left with neither of the accusatory instruments having any non-hearsay allegations against the defendant."[FN9]
See also, People v. Campos, 81 Misc 3d 375, 197, N.Y.S3d 912 [DiSalvo, J. 2023] wherein the court upheld the sufficiency of an information in a sex abuse case wherein the name of the complaining witness was initially redacted. In that decision it was stated that
"This Court finds that a supporting deposition, which redacts the name of a complaining witness who is a victim of a sex crime under Article 130, is sufficient to convert the accusatory instrument to an information, so long as the Court has the opportunity to conduct an in camera inspection of the unredacted supporting deposition and is satisfied that the document has been subscribed and verified by a person with personal knowledge of the factual allegations to support the charges in the accusatory instrument. Allowing victims to preserve their anonymity at the early stages of a criminal proceeding not only encourages them to come forward and report incidents of sexual assault and abuse but also relieves them of any fears of backlash and other retaliatory behavior by the [*4]defendant, or anyone known to the defendant."[FN10]

 Conclusion
In this case when the complaint and the supporting deposition, which comprise the information, when read together in accordance with CPL § 100.40 (1), establish there is reasonable cause to believe the defendant committed the offense charged in the accusatory part of the information.[FN11]
In addition, the accusatory instruments contain the non-hearsay allegations of the factual part of the information and/or the supporting deposition, which if they are true establish every element of offense charged, to wit: assault in the third degree, pursuant to P.L. § 120.00 (1).[FN12]
Therefore the defendant's motion to dismiss the information herein as being defective pursuant to CPL §§ 170.30 (1) (a) , 170.35 (1) (a) and 100.40 (1) is hereby denied. This constitutes the decision and order of this court.
Dated: March 26, 2025
Webster, New York
Hon. Thomas J. DiSalvo
Webster Town Justice

Footnotes

Footnote 1:(See CPL § 1.20 [4])

Footnote 2:(It is un-controverted that the information complied with 100.40 [1] [a])

Footnote 3:(Id. at *5)

Footnote 4:(Id. at *1)

Footnote 5:(Id. at *2)

Footnote 6:(Id. at *1)

Footnote 7:(Id. at *1)

Footnote 8:(Id. at *2)

Footnote 9:(Id. at *2)

Footnote 10:(Id. at 380, 916)

Footnote 11:(CPL § 100.40 [1] [b])

Footnote 12:CPL § 100.40 [1] [c])